Rodriguez v Nikkhah (2020 NY Slip Op 01958)





Rodriguez v Nikkhah


2020 NY Slip Op 01958


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


11282 22124/14E

[*1]Yajaida Luna Rodriguez, Plaintiff-Respondent,
v
Hamid Nikkhah, M.D., et al., Defendants-Appellants.


Yoeli Gottlieb & Etra LLP, New York (Matthew E. Yoeli of counsel), for appellants.
James Newman, P.C., Bronx (Kyle Newman of counsel), for respondent.



Order, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered July 17, 2018, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's claim that the alleged malpractice caused her urinary incontinence, unanimously affirmed, without costs.
In this action where plaintiff alleges medical malpractice based on the theories that she underwent an unnecessary vaginal hysterectomy which caused injury, and that defendants did not obtain her informed consent, defendants made a prima facie showing that the procedure did not cause urinary incontinence. Defendants submitted the report of an expert who attributed all of plaintiff's urinary issues to a later diagnosis of chronic interstitial cystitis (IC).
In opposition, plaintiff raised an issue of fact through her expert, who opined that plaintiff's urinary incontinence, which is a well-known complication of the procedure and which manifested for the first time shortly after the procedure was performed, resulted from fibrosis and the "weakening of ligamentous tissue supporting the bladder, bladder neck and urethra" (see Vega v Mount Sinai-NYU Med. Ctr. & Health Sys., 13 AD3d 62, 63 [1st Dept 2004]). Defendants' expert did not rebut the assertion that urinary incontinence is an accepted risk of a vaginal hysterectomy that can occur in this manner, nor that plaintiff's symptoms only emerged after the hysterectomy. Plaintiff's expert further opined that IC is a separate, identifiable condition unrelated to plaintiff's complaints of urinary incontinence, thus presenting an issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK